IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK WAYNE CASTLEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-23-919-PRW |
| KEVIN STITT, et al., | ) ) ) |
| Defendants. | ) ) |

# ORDER

This case comes before the Court on U.S. Magistrate Judge Amanda Maxfield Green's Report and Recommendation (Dkt. 25). Plaintiff filed this § 1983 action, asserting violations of his civil rights (Dkt. 1). Defendants[1] filed a Motion to Dismiss (Dkt. 24), arguing that Plaintiff's Complaint should be dismissed in its entirety.

In her Report and Recommendation (Dkt. 25), Judge Green recommends that Defendants' Motion to Dismiss be converted to a motion for summary judgement, and that: (1) Plaintiff's claims for money damages against Defendants in their official capacities be dismissed without prejudice for lack of subject-matter jurisdiction; (2) Plaintiff's remaining claims be dismissed without prejudice due to Plaintiff's failure to exhaust administrative remedies; and (3) alternatively, to the extent that it survives Eleventh Amendment immunity, Plaintiff's Eight Amendment claim be dismissed with prejudice as

---

[1] All Defendants joined in the Motion to Dismiss with the exception of Defendant Steven Harpe. The record reflects that Defendant Harpe has not yet been served in this action.

1

untimely. Judge Green concluded her Report and Recommendation by advising the parties of their right to object to the Report and Recommendation and that any failure to object would result in a waiver of the right to appellate review.[2] Neither party filed any objection.

This Court has reviewed Magistrate Judge Green's Report and Recommendation (Dkt. 25) and agrees with the reasoning and conclusions therein. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (Dkt. 25) in full, and **GRANTS** Defendants' Motion to Dismiss, converted to a motion for summary judgement (Dkt. 24). Plaintiff's claims against Defendants in their official capacity for money damages are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.[3] Plaintiff's claims against Defendant Harpe are likewise **DISMISSED WITHOUT PREJUDICE**.[4]

---

[2] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[3] Even if Plaintiff's remaining claims were not dismissed without prejudice for failure to exhaust administrative remedies, the Court agrees with Judge Green's conclusion that the remainder of Plaintiff's Eighth Amendment claim surviving Eleventh Amendment immunity would be barred by the applicable statute of limitations. (*See* Dkt. 25, at 18–21).

[4] As recommended by Judge Green, the claims against Defendant Harpe are likewise dismissed without prejudice due to Plaintiff's failure to exhaust administrative remedies, even though he did not join in the Motion. *See Smith v. Jones*, 606 F. App'x 899, 902 (10th Cir. 2015).

**IT IS SO ORDERED** this 18th day of December 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE